UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAWNY BLAZEJOWSKI,

        Plaintiff,

v.                                     Case No. 3:17-cv-682-J-39MCR

CHRIS FRANCE, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL

Plaintiff, Tawny Blazejowski, an inmate of the Florida penal system, initiated this action on June 16, 2017, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint). Following this Court's Order directing Plaintiff to amend her complaint to cure multiple deficiencies, Plaintiff filed an amended complaint on April 6, 2018 (Doc. 12; Amended Complaint). Plaintiff is proceeding in forma pauperis (Doc. 8). In her Amended Complaint, Plaintiff names as Defendants Judge Chris France, State Attorney R.J. Larizza, and David Shoar, St. Johns County Sheriff, whom she sues in their individual and official capacities. Amended Complaint at 2-3. Plaintiff lists a litany of constitutional amendments Defendants allegedly violated, including the First, Fourth, Fifth, Seventh, Eighth, and Fourteenth. See id. at 3. She also asserts a violation of 18 U.S.C. § 3771 ("Crime Victims' Rights") and unspecified United States Code provisions labeled simply "USC 241-242." Id. She asserts that Defendants "maliciously conspired to retaliate against [her] . . . [and] refused to protect her . . . allow[ing] [her] to be threatened and victimized." Id. at 4. Plaintiff seeks monetary damages in the amount of $20 million for alleged constitutional violations,

which occurred prior to her current incarceration and occurring between the dates of October 15, 2010, and October 10, 2014. Id. at 5.

Pursuant to this Court's screening obligation under the Prison Litigation Reform Act, a district court shall dismiss a complaint if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679

F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. Of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Amended Complaint is subject to dismissal under the Court's screening obligations because she has failed to state a claim and continues to proceed against Defendants immune from the relief she seeks (damages). As this Court has previously instructed Plaintiff,[1] judges and prosecutors are absolutely immune from damages for those acts taken while they are acting in their judicial capacity or related to judicial process. See Pierson v. Ray, 386 U.S. 547, 554 (1967) (recognizing that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly"); see also Bolin v. Story, 225 F.3d 1234, 1239, 1242 (11th Cir. 2000) (recognizing that judges and prosecutors enjoy absolute immunity from § 1983 claims seeking damages). Plaintiff seeks only damages against all Defendants; she does not seek declaratory or injunctive relief. See Amended Complaint at 5. Therefore, Defendants France and Larizza are subject to dismissal from this action.

Furthermore, Plaintiff seemingly alleges multiple claims that occurred over a period of years, from 2010 to 2014. It is unclear whether the conduct complained of resulted from an elaborate scheme that persisted during this entire time period or whether Plaintiff continues to include in one complaint multiple unrelated claims. To the extent the incidents occurring between 2010 and 2014 are related and properly raised in one complaint, Plaintiff's claims arising out of conduct that occurred more than four years prior to the filing of her original complaint are time-barred under the statute of limitations applicable in § 1983 actions. See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d

---

[1] See Order (Doc. 7) at 3.

636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations . . . warrants a dismissal as frivolous."); see also Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (acknowledging that Florida's residual personal injury four-year limitations periods applies in § 1983 actions) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)). Plaintiff lists twenty-one dates that she alleges give rise to the claims against Defendants. While it remains unclear what precisely occurred on what dates, some of the dates fall well outside the limitations period (2010 through 2012). She does reference that Defendants engaged in conduct in 2013 and 2014, which may arguably fall within the limitations period. Even if Plaintiff's claims are timely, however, her Complaint is nevertheless subject to dismissal because she has failed to state a claim that is plausible on its face.

With respect to claims against Defendant Shoar in his official capacity, Plaintiff has not alleged that a custom or policy gave rise to constitutional violations. See Weiland v. Palm Bch. Cty. Sheriff's Office, 792 F.3d 1313, 1330 (11th Cir. 2015) (holding that claims against a county sheriff's office were properly dismissed because the plaintiff did not allege a policy or custom of the sheriff's office). Plaintiff's claims against Defendant Shoar in his individual capacity also fail to state a claim for relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham, 654 F.3d at 1175. More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Plaintiff alleges that Defendant Shoar "abused [his] power and position[] to step outside of the description of [his] job[] and retaliate against [her] for writing a negative letter about Chris France and the State Attorney's office . . . [and] collaborated" with Defendants Larizza and France to retaliate against her. Amended Complaint at 15, 17. She further alleges that Defendant Shoar participated in a conspiracy to arrest her and charge her "with an act [she] was constitutionally protected from having used against [her].[2]" Id. at 5. To the extent Plaintiff attempts to assert a claim under the Crime Victims' Rights statute, her claim fails. The Crime Victims' Rights statute explicitly provides for "no cause of action" by victims seeking damages, and it applies only to the victims of federal, not state, offenses. 18 U.S.C. § 3771(d)(6), (e)(2). With respect to the constitutional amendments Plaintiff references and reading her Amended Complaint liberally, as this Court must do, it appears she may be attempting to assert a conspiracy claim, a First Amendment claim, or claims for false arrest or malicious prosecution under the Fourth and Fourteenth Amendments.[3]

Because Defendants Larizza and France are subject to dismissal, a conspiracy claim against Defendant Shoar alone cannot stand. See Grider v. City of Auburn, Ala., 618 F.3d 1240, 1261 (11th Cir. 2010) (recognizing that a claim for conspiracy requires a "multiplicity of actors"). Even more, Plaintiff has failed to allege, with specificity, that Defendants reached an agreement to deny Plaintiff her constitutional rights, and she has failed to allege an underlying constitutional violation. See Burge v. Ferguson, 619 F.

---

[2] Plaintiff does not specify what this "act" was.

[3] Plaintiff, as a detainee of the Florida Department of Corrections, may not proceed on a claim brought under the Fifth Amendment, which "protects a citizen's rights against infringement by the federal government, not by state government." Weiland, 792 F.3d at 1328. Plaintiff may not proceed under the Eighth Amendment because she has not alleged cruel and unusual punishment after conviction, such as in the form of constitutionally-offensive prison conditions. See id.

Supp. 2d 1225, 1237 (M.D. Fla. 2008). Plaintiff here has done no more than generally aver the existence of a conspiracy, which is insufficient to state a claim. A court may properly dismiss a conspiracy claim if it includes only conclusory allegations and does not contain specific facts to inform the defendant "of the nature of the conspiracy alleged." Fullman v. Graddick, 739 F.2d 553, 556–57 (11th Cir. 1984). "A plaintiff claiming a § 1983 conspiracy must prove the defendants 'reached an understanding' to violate the plaintiff's constitutional rights." Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010). "[T]he linchpin for conspiracy is agreement, which presupposes communication." Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., Fla., 956 F.2d 1112, 1122 (11th Cir. 1992).

To the extent Plaintiff attempts to state against Defendant Shoar a First Amendment violation for retaliation, she has failed to properly state a claim for relief. To state a First Amendment retaliation claim, a plaintiff must allege "first, that [her] speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). Here, Plaintiff has only stated, in conclusory fashion, that Defendant Shoar retaliated against her for writing a derogatory letter, the content of which was not directed at Defendant Shoar or his office. She has not sufficiently alleged a causal connection between the writing of the letter and subsequent alleged actions or inactions by Defendant Shoar. Indeed, Plaintiff does not state with specificity what acts Defendant Shoar engaged in aside from a general, vague statement that he, working in tandem with the other Defendants, "conspired . . . to not protect [her] and retaliated against [her] by arresting and charging [her]." Amended Complaint at 5. She

also does not allege that Defendant Shoar's participation in any alleged wrongdoing was motivated by her writing the letter. See id. Plaintiff's conclusory allegations amount to no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Tani v. Shelby Cty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (citing Ashcroft, 556 U.S. at 678) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts "explain[ing] what actions caused which violations"); see also Lawson v. City of Miami Bch., 908 F. Supp. 2d 1285, 1291 (S.D. Fla. 2012) (dismissing a retaliation claim where the plaintiff alleged only "unsubstantiated legal conclusions" that officers arrested him in retaliation for a comment he made).

Finally, Plaintiff has failed to state a claim for either false arrest or malicious prosecution. To state a claim for false arrest and malicious prosecution, a Plaintiff must allege that an arrest not supported by probable cause resulted favorably against her or that her allegedly false conviction or sentence was invalidated. See Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); Wood v. Kesler, 323 F.3d 872, 881-82 (11th Cir. 2003) (identifying the elements of a malicious prosecution claim); Simpson v. Stewart, 386 F. App'x 859, 860 (11th Cir. 2010) ("If the plaintiff cannot show that his conviction or sentence has been invalidated, then he is barred from bringing a § 1983 claim for false arrest."). Plaintiff has not alleged that any proceedings instituted against her as a result of the alleged retaliatory arrest and conviction resulted in a favorable outcome. Indeed, Plaintiff is currently incarcerated, suggesting the opposite. To the extent Plaintiff challenges the fact and

length of her incarceration, she may not seek relief in a civil rights action. Rather, she may pursue appellate redress or habeas corpus relief.

Accordingly, it is

**ORDERED:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of April, 2018.

_____
BRIAN J. DAVIS
United States District Judge


Jax-6
c: Tawny Blazejowski, # 156630